UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENITRA NEWMAN,<br><br>    Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>    Defendant. | Case No. 19-cv-05083-RS  (SK)<br><br>**ORDER ON MOTION TO QUASH OR MODIFY SUBPOENA**<br><br>Regarding Docket No. 31 |

Plaintiff Kenitra Newman filed a motion to quash or modify nine subpoenas, which was referred to the undersigned. For the reasons stated below, the Court DENIES the motion to quash the subpoenas and finds that the motion with regard to two of the subpoenas is MOOT.

Plaintiff alleges in her First Amended Complaint that Defendant Delta Air Lines, Inc. discriminated against her on the basis of race, gender, sexual orientation, and her status as a military serviceperson, that Defendant retaliated against her, and that Defendant's employees harassed her. (Dkt. 20.) Plaintiff claims that she was recalled to active duty in January 2017, and that, while on active duty, she worked at the Department of Homeland Security and was working toward a doctoral degree in a program through the University of California Berkeley and Mills College and/or the California College of the Arts and another international university that is not the subject of these subpoenas. (Dkt. Nos. 20, 32-1; *see also* Interview with Rae Newman, Visiting Scholar (Sept. 1, 2018) (notes on file, https://www.las.ch/panorama/postpage/~board/spotlight/post/rae-newman-visiting-scholar).) Plaintiff also testified in her deposition that her resume is accurate, and her resume shows that she ended her work with the Joint Military Task Force/Defense Coordinating Officer in May 2019 and began working as an Aviation Safety Inspector for the Federal Aviation Administration, shortly after that. (Dkt. 32-1.) Plaintiff also testified in her deposition that she sent an email to Defendant

on August 23, 2019 to give notice that she would resign, effective September 30, 2019.  (Dkt. 32-1.)

Plaintiff alleges damages based on lost salary and emotional distress.  (Dkt. 20.k)  On January 13, 2021, Defendant issued nine subpoenas to third parties: (1) United States Department of Defense; (2) Sedgwick Claims Management Services, Inc.; (3) Dr. Gary McMorris; (4) California College of the Arts; (5) United States Department of Homeland Security; (6) United States Air Force; (7) Mills College; (8) Federal Aviation Administration; and (9) the University of California Berkeley.  (Dkt. 31-2, 31-3, 31-4, 31-5, 31-6, 31-7, 31-8, 31-9. 31-10.)  In those subpoenas, Defendant seeks information regarding Plaintiff's status with those organizations or Plaintiff's medical records.  (*Id*.)  There is no evidence that any recipient of the subpoenas filed objections to these subpoenas pursuant to Fed.R.Civ.P. 45(d)(2)(B).

On January 27, 2021, University of California Berkeley responded that it had no records regarding Plaintiff.[1]  (Dkt. 32-1.)

On January 27, 2021, two weeks after notice of the subpoenas was served on Plaintiff, Plaintiff, in an attempt to meet and confer about the subpoenas, sent an email to Defendant.  (Dkt. 32-1, 31-11.)  On the same day, before Defendant responded, Plaintiff filed this motion to quash.  (Dkt. 32-1.)

On February 3, 2021, Defendant responded to Plaintiff in an attempt to meet and confer.  (Dkt. 32-1.)  Plaintiff did not respond.  (Dkt. 32-1.)

On February 4, 2021, Sedgwick provided responsive documents. (Dkt. 32-1.)[2]

**A.      Privilege Does Not Compel Quashing the Subpoenas.**

Plaintiff argues that the documents seek information protected by the California right to privacy.  Defendant argues correctly that Plaintiff put at issue the evidence addressed in the subpoenas.  Specifically, with regard to the subpoena to Dr. McMorris, Plaintiff seeks damages

---

[1] Plaintiff testified in her deposition that she was actually enrolled at the University of California Berkeley and that she received course credit for her work there.  (Dkt. 32-1.)

[2] Thus, the motion to quash is MOOT with regard to the subpoenas to Sedgewick and UC Berkeley.  (Dkt. 32.)

2

1  based on emotional distress, and Plaintiff claims that Dr. McMorris treated her for emotional

2  distress resulting from her claims in this case.  (Dkt. 32-1).   Thus, the medical records are

3  relevant, and Plaintiff has waived her right to privacy, if any, in those documents.

4       With regard to the other subpoenas, Plaintiff has also waived any right to privacy in those

5  document by putting at issue her status as a military serviceperson.  Because Plaintiff's claim for

6  discrimination – based on her status as a military serviceperson – is dependent on her status as a

7  member of the United States Air Force, Defendant is entitled to access to records from the military

8  to show when and how she was engaged in active military duty.  Defendant is also entitled to

9  records from the Department of Homeland Security and the Federal Aviation Administration and

10 the schools she allegedly attended at the time that she was recalled to active military duty to

11 determine whether Plaintiff was actually on active duty when she claims she was.

12      Furthermore, Defendant offered to designate the materials provided as "Confidential"

13 pursuant to the stipulated protective order in this case.  (Dkt. 19.)

**B.   Plaintiff's Motion to Quash Is Not Timely.**

15      Plaintiff did not file her motion to quash in a timely manner.  A court is required to quash

16 or modify a subpoena "[o]n timely notice" if the subpoena requires disclosure of privileged or

17 other protected matter if no exception or waiver applies . . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii).[3]

18 Even assuming that the subpoenas at issue require disclosure of protected material, Plaintiff's

19 motion to quash is not timely because she waited two weeks after receiving notice of them before

20 she filed this motion to quash.  During that two-week period, Plaintiff also made no attempt to

21 meet and confer with Defendant.  Sending an email attempting to meet and confer on the same day

22 that she filed this motion to quash was not an attempt to meet and confer.  And even though

23 Defendant had no opportunity to respond before Plaintiff filed this motion, Defendant did respond

24 very soon after, and Plaintiff did not respond at all.  Thus, Plaintiff violated Northern District

25 / / /

26 / / /

---

[3] Plaintiff cites to the California Code of Civil Procedure, which is not applicable in federal court.

3

Local Civil Rule 37-1(a) in failing to meet and confer before filing this motion. That failure alone requires denial of this motion.

**IT IS SO ORDERED**.

Dated: February 22, 2021

_____
SALLIE KIM
United States Magistrate Judge